Benítez et al., Demandantes y Apelados, *v.* Bernabe, Demandado, y García, Interventor y Apelantes.

Apelación procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre reivindicación.

No. 2271.—Resuelto en abril 22, 1921.

Reivindicación—Apreciación de Prueba Contradictoria.—Cuando el demandante en una acción reivindicatoria prueba su título a una finca de treinta cuerdas que de no concederse la reivindicación quedaría reducida a poco más de veinte cuerdas y el demandado por otra parte prueba que la colindancia Norte de la parcela de ocho cuerdas que se trata de reivindicar no aparece como parte de la colindancia Norte de la finca principal en el título presentado por los demandantes, y la prueba es asimismo contradictoria en otros muchos respectos, la apreciación que de la misma haya hecho la corte inferior no será modificada en apelación según jurisprudencia constante de esta corte.

Id.—Traspaso de la Posesión Después de Entablada la Reivindicación.—Aunque el derecho de un demandante a reivindicar debe nacer de la virtualidad de su título, sin embargo, cuando un demandado traspasa la posesión *post litem motam* de la finca reclamada, tal hecho, que equivale a algo así como una fuga en casos criminales, merece alguna consideración.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. J. G. Torres.*

Abogado de los apelados: *Sr. M. Moraza.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Los demandantes en este caso alegaron esencialmente que eran los dueños de dos fincas rústicas en Río Piedras (describiéndolas,) que su causante permitió al demandado que viviera en una parte de la finca compuesta de ocho cuerdas que era una segregación de la segunda de las dos fincas de treinta cuerdas y que dicho demandado detentaba dicha finca de los demandantes sin derecho o título a ella. Aunque en la demanda se hacían relaciones respecto a la prueba lo cual era innecesario, los referidos hechos esenciales estuvieron bastante bien alegados y dicha demanda era suficiente.

El demandado contestó haciendo una negativa general y compareció entonces Octavio García Salgado solicitando que se le permitiera intervenir en el pleito como verdadero dueño de la finca que se trataba de reivindicar. Fué concedido el

permiso. El juicio se celebró y dictó sentencia a favor de los demandantes.

En su opinión la corte sentenciadora dijo, que quizás se hubiera hecho difícil a la corte llegar a la identificación de la finca si el interventor no hubiera admitido su posesión de dicha finca. El apelante insiste en que todo lo que él admitió fué que la finca descrita era suya y que no admitió que las ocho cuerdas habían sido separadas, o eran parte de las treinta cuerdas a las cuales los demandantes presentaron título.

No sabemos por qué los demandantes creyeron necesario describir dos fincas de treinta cuerdas cada una en su demanda, pero suponemos que fué porque eran contiguas y pagaban contribuciones sobre ellas como una sola finca, y quizás para adelantar la defensa de que estas segundas treinta cuerdas podían explicarse por referencia a las primeras treinta.

Convenimos en que el interventor no hizo más admisiones que las que se alegan, pero también vemos que la corte no quiso decir nada más, pues después de hacer la manifestación alegada pasó la corte a expresar lo siguiente:

"Del conjunto de la prueba puede llegarse y la corte llega a la conclusión de que las ocho cuerdas de terreno reclamadas, eran parte de una finca de 30 cuerdas que adquirió Francisco Bibiano de la Cruz por compra a José García por escritura pública ante el notario don Mauricio Guerra en 28 de julio, 1887; y que en ese terreno vivió por tolerancia del dueño primero, Rafael Bernabe, y contra la voluntad de los dueños después, Pedro Bernabe; y ni el padre Rafael Bernabe, ni el hijo Pedro Bernabe, fueron nunca dueños ni verdaderos poseedores de tal finca. Francisco Bibiano de la Cruz era el causante de los demandantes. Pedro Bernabe fué el primitivo demandado y entregó la posesión a dicho interventor después de establecida esta acción."

La corte analizó además la prueba para demostrar que el interventor nunca tuvo ningún verdadero título por compra, o por otro concepto. Su falta de título era tan clara

que no emplearemos más tiempo en discutirla. Y por igual razón no discutiremos la cuestión de prescripción como no sea para decir que no se probó ningún título y mucho menos un justo título.

Por supuesto que los demandantes deben reivindicar por la virtualidad de su propio título, pero cuando un demandado traspasa la posesión *post litem motam* esta es una circunstancia algo así como una fuga en casos criminales y merece alguna consideración. En verdad el interventor alegó que había adquirido el título de la madre del demandado y que dicho demandado era un mero encargado del interventor.

Hubo fuerte conflicto en la prueba. Gran parte dependía de donde estaba la colindancia norte de dichas treinta cuerdas. El apelante sostiene que los títulos de los demandantes no muestran que su finca que colindaba por el norte con Hernández, estaba separada por una quebrada llamada "Carne Fresca." Esta quebrada es hoy la colindancia norte de las ocho cuerdas que se reclaman. Los apelados, en cambio, alegan que la prueba tiende a demostrar que Hernández nunca fué dueño o tuvo terreno alguno al sur de la quebrada en la colindancia que alegan los apelados. El apelante a su vez presentó prueba tendente a demostrar que había una serie de árboles, una colindancia natural al norte más allá de la cual no llegaba el terreno de los demandantes. Los apelados admitieron la existencia de árboles, pero negaron que hubiera tal colindancia allí, natural o artificial. Como el interventor reclamaba indirectamente apoyándose en el título de Hernández, estos puntos divisorios eran importantes.

Puesto que la finca de la que están ahora en posesión los demandantes y que se describe como de treinta cuerdas sólo constaría de poco más de veinte cuerdas, el apelante pretende explicar esta diferencia puntualizando errores, o diferentes agrupaciones del total de sesenta cuerdas pertenecientes a los apelados.

Todas éstas fueron, sin embargo, cuestiones que afectaban al peso de la prueba y el apelante no nos ha convencido de que la corte incurrió en error al considerarla. Por el contrario, nos inclinamos al parecer de que una clara preponderancia de la misma estaba de parte de los apelados.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados del Toro, Aldrey y Hutchison.

El Juez Presidente Sr. Hernández no tomó parte en la resolución de este caso.